FILED
United States Court of Appeals
Tenth Circuit

June 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS MOLINA-RUIZ, a/k/a Carlos
Molina, a/k/a Louise Alvarado,

Defendant - Appellant.

No. 08-1473
(D. Ct. No. 1:08-CR-00322-REB-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Mr. Molina-Ruiz pleaded guilty to reentry of a previously deported alien

subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)

and (b)(2). The district court sentenced him to 84 months imprisonment followed by

three years' supervised release and imposed a $100 special assessment fee. The court

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appointed the Federal Public Defender for the District of Colorado to represent Mr. Molina-Ruiz on appeal. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Mr. Molina-Ruiz has submitted a pro se filing regarding his sentence. We take jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we GRANT counsel's request to withdraw and DISMISS this appeal.

## I. DISCUSSION

The only issues in this case are whether the guilty plea was knowingly and voluntarily entered into and whether the sentence imposed by the district court is reasonable. On the first point, the district court held a thorough hearing on Mr. Molina-Ruiz's change of plea agreement. He was advised of all of his rights. The record makes clear that he understood those rights and understood that by pleading guilty he was forfeiting those rights. The district court found a factual basis for the plea, and Mr. Molina-Ruiz adopted the recitation of the facts set forth in the plea agreement.

At the sentencing hearing, the district court found that the total offense level was 21 and that Mr. Molina-Ruiz should be placed at a criminal history category V, resulting in an advisory guideline range of 70–87 months. Mr. Molina-Ruiz filed a motion for a downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5K2.12, asserting he was entitled to a coercion and duress departure because after his brother's murder he had been threatened by gang members in Mexico.

We have reviewed the sentencing transcript and all related filings. It is clear that

the district court made specific findings of fact on the departure issue, finding that there was no credible or competent evidence supporting such a departure. The district court then independently analyzed all the factors under 18 U.S.C. § 3553(a), specifically noting that Mr. Molina-Ruiz had previously been removed and returned to this country illegally on multiple occasions. The district court further found that he had demonstrated a marked disrespect for the law of this country and the rights of others, and that he also had a series of convictions for drug trafficking, domestic violence, and alcohol-related felonies. The district court found that only a lengthy sentence would satisfy the 18 U.S.C. § 3553(a)(2) factors. It gave Mr. Molina-Ruiz a within-Guidelines sentence of 84 months' imprisonment. The sentence is both procedurally and substantively reasonable under this Court's precedent. *See United States v. Kristl*, 437 F. 3d 1050, 1055 (10th Cir. 2006).

## II. CONCLUSION

Mr. Molina-Ruiz's guilty plea was made knowingly and voluntarily, and there was a factual basis for the plea. The district court did not err in applying the Guidelines, it explained the reasons for the sentence imposed, and the length of the sentence is reasonable. Thus, we find no nonfrivolous basis for Mr. Molina-Ruiz to challenge his conviction or his sentence.

We GRANT counsel's request to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge